# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAN KAYAIAN, | ) 1:06cv01661 AWI DLB |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION<br>) REGARDING DISMISSAL OF ACTION |
| v. | ) |
| FRESNO COUNTY, | ) |
| Defendant. | ) |

Plaintiff, appearing pro se, filed the instant civil rights complaint on November 17, 2006. Plaintiff states that he filed the complaint on behalf of Dae Henderson, a state prisoner.

### DISCUSSION

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

B.        Analysis

  Plaintiff purports to file this civil rights complaint on behalf of Dae Henderson, a prisoner. From the allegations in the complaint, it appears that Plaintiff is attempting to challenge Mr. Henderson's prior conviction.

  There are two fatal deficiencies in Plaintiff's complaint. First, Plaintiff cannot represent Mr. Henderson. Although a non-attorney may appear in propria persona on his own behalf, that privilege is personal to him and he has no authority to appear as the attorney for anyone other than himself. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987) (holding that while a nonattorney may represent himself, he has no authority to appear as an attorney for others).

  Second, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). If Mr. Henderson wishes to challenge a prior conviction, he may do so by filing a petition for writ of habeas corpus on his own behalf.

## RECOMMENDATION

  Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

  These findings and recommendations will be submitted to the Honorable Anthony W. Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

  IT IS SO ORDERED.

Dated:   **November 20, 2006**           **/s/ Dennis L. Beck**
3b142a                                             UNITED STATES MAGISTRATE JUDGE